UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Joseph E. Macon;                                    )    C/A No. 6:05-3378-HFF-BHH
                                                    )
                            Plaintiff;              )
vs.                                                 )    **Report and Recommendation**
                                                    )
Hayne Auto Sales;                                   )
                                                    )
                            Defendant.              )
_____           )

         Pursuant to the provisions of Title 28 United States Code §636(b)(1)(B), and

Local Rule 73.02(B)(2)(b) and (e), D.S.C., this magistrate judge is authorized to review all

pretrial matters in cases wherein a plaintiff is proceeding *pro se* and seeks leave of this

Court to proceed *in forma pauperis*.

## BACKGROUND

         The Plaintiff, Joseph E. Macon (hereafter, the "Plaintiff"), brings this action

*pro se* against the Defendant, a private business located in Anderson, South Carolina.  The

Complaint alleges the following:

> Fraud.  I was sold a truck that had a doctor engine [sic].  I didn't get
> 400 hundred mile [sic] with it.  He told me it would go anywhere in
> this country.

[1-1, pp. 4-5.]  Plaintiff requests a new engine and "expent' (presumably expenses).

         United States District Courts, as federal courts established by the United

States Congress, are limited in their jurisdiction to "federal question" and "diversity" cases

pursuant to 28 U.S.C. § 1331 and § 1332.  An action for violation of civil rights under 42

U.S.C. §1983, for example, is a "federal question" case which means that Congress

establishes by statute the basis contours of litigation to enforce its provisions.  "Diversity"

1

jurisdiction exists when the parties are citizens of different states and a minimum jurisdictional amount is at stake.

Federal courts are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). There is no presumption that a federal court has jurisdiction over any given matter. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, supra. See also Rule 12(h)(3) Federal Rules of Civil Procedure (Fed. R. Civ. P.) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

The Defendant is a private business evidently engaged in selling trucks and automobiles. The conduct of private individuals or corporations must take place as "state action" or under "color of state law" to be actionable pursuant to 42 U.S.C. § 1983. A private individual or corporation must be a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Purely private

2

conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1983); and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[1]

Whether  private conduct rises to the level of state action necessarily depends on the relationship between the activity and the governmental entity.  The inquiry is: "whether there is a sufficiently close nexus between the State and the challenged action. . . so that the action of the latter may be fairly treated as that of the State itself."  *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974).  In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. "Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under the terms of the Fourteenth Amendment."  457 U.S. at 1004-1005.  Plaintiff fails to offer any suggestion that the Defendant was acting under color of state law.  Instead, from his allegations, it appears that this action arises from a purely private contractual dispute

Plaintiff should present his claims to a South Carolina Court of Commons Pleas under a common law theory of recovery such as breach of contract  and/or fraud.  *See Player v. Chandler*, 382 S.E.2d 891, 893 (S.C. 1989); *Edens v. Laurel Hill, Inc.*, 247 S.E.2d 434, 435-436 (S.C. 1978); *Hughes v. Edwards*, 220 S.E.2d 231, 234 (S.C. 1975); and

---

[1] – *Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. However, federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. §1983 are concerned.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(collecting cases)

*Stein v. Xepapas*, 29 S.E.2d 257, 259 (1944).  Plaintiff may not maintain an action for damages in this Court under 42 U.S.C. § 1983.

A claim of this sort would be cognizable in this Court under  28 U.S.C. § 1332 (the "diversity" statute), if the statutory requirements are satisfied.  *See Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993).  It is clear from the allegations contained in the Complaint that this Court lacks diversity jurisdiction since both parties are citizens of South Carolina.  The Complaint should be summarily dismissed.

## RECOMMENDATION

It is recommended that this action be dismissed without prejudice and without issuance or service of process on the Defendant. Plaintiff's attention is directed to the important notice on the next page.

Respectfully Submitted,

S/Bruce H. Hendricks
United States Magistrate Judge

December 5, 2005
Greenville, South Carolina

4

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

5